**Andrew Ferry KETAREN, Petitioner,**

**v.**

**United States Attorney General Michael B. MUKASEY,[1] Respondent.**

**No. 07–1634–ag.**

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Carla R. McBeath, Dover, NJ, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wendtland, Assistant Director; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Andrew Ferry Ketaren, a citizen of Indonesia, seeks review of a March 20, 2007 order of the BIA affirming the July 26, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Ketaren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Andrew Ferry* Ketaren, No. A 95 963 696 (B.I.A. Mar. 20, 2007), *aff'g* No. A 95 963 696 (Immig.Ct.N.Y.City, July 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

 As an initial matter, the IJ found, and the BIA agreed, that Ketaren's application for asylum was untimely and that he had demonstrated neither changed nor extraordinary circumstances to excuse the untimeliness. Although Ketaren argued in his appeals to the BIA and to this Court that he established eligibility for asylum, he has never challenged the IJ's pretermission of his application. Accordingly, his asylum claim is deemed abandoned and we do not address his argument that he was eligible for that relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Moreover, Ketaren failed to address the denial of his claim for relief under the CAT in either his appeal to the BIA or in his brief to this Court. As such, his claim for relief under the CAT is deemed abandoned as well. *Id.*

 Furthermore, Ketaren did not sufficiently address his claim that he established a clear probability of persecution independent of a finding of past persecution. Indeed, he only argues that he suffered past persecution and that the IJ erred by failing to apply the presumption of future persecution. Accordingly, he waived any challenge to the agency's finding that Ketaren failed to establish a clear probability of persecution if he returned to Indonesia. *Id.* Similarly, although a substantial portion of Ketaren's brief to the BIA is devoted to the argument that there is a pattern or practice of persecution of Christians in Indonesia, he makes no such argument here. As such, he also waived that argument. *Id.*

 Further, in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Here, Ketaren failed to

raise his claim that the IJ was biased against him in his appeal to the BIA. The Government has raised this failure to exhaust in its brief to this Court, and thus we decline to consider this unexhausted issue. *See Lin Zhong,* 480 F.3d at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, while the IJ based her denial of Ketaren's applications for relief on an adverse credibility determination and a finding that he had failed to meet his burden of proof, the BIA only addressed the burden of proof finding. Accordingly, we review only the burden of proof finding. *Xue Hong Yang,* 426 F.3d at 522. This Court reviews *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007)).

■ The record supports the IJ's determination that Ketaren failed to meet his burden of proof for withholding of removal. The fact that people threw feces at Ketaren's home, although certainly offensive, does not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). Further, Ketaren failed to demonstrate that being forced by his father-in-law to sign a document promising to convert to Islam constituted persecution

where he continued to practice Christianity after signing it. As the IJ and BIA accurately noted, Ketaren's in-laws are "not a Government entity" and his problems with them are "personal in nature." *See Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," and inflicted either by the government of a country or by persons or an organization that the government is unable or unwilling to control). Lastly, there is no indication that the BIA or IJ neglected to consider the cumulative effect of these events. *See Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (holding that when determining whether an applicant has demonstrated persecution, the agency must view events cumulatively, rather than addressing the severity of each event in isolation).

■ Additionally, even if Ketaren's claim that he fears future persecution were not waived, the agency's decision in this respect was proper. Because Ketaren did not establish past persecution, he was not entitled to a rebuttable presumption of a likelihood of future persecution. 8 C.F.R. § 1208.13(b)(1). Ketaren failed to establish that he would be singled out individually for persecution on the basis of his Christianity. *See* 8 C.F.R. § 1208.16(b)(2). As the IJ accurately concluded, the fact that Ketaren lived in Indonesia safely, and that his parents have continued to live there as practicing Christian ministers without any problems, undercut his assertion that he will be singled out for persecution if he returns to Indonesia. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

Furthermore, Ketaren failed to establish that he will more likely than not be persecuted by his in-laws if he returns to Indonesia. His father-in-law did not harm him while he was still in Indonesia, and Ketaren did not demonstrate that circumstances have changed such that his father-in-law would behave differently now, or that the government would be unable or unwilling to protect him. *See* Matter of Acosta, 19 I. & N. Dec. at 216.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.